[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE (#107)
First Special Defense. Denied. The rule enunciated in Dubinsky v.Citicorp Mortgage, Inc. 48 Conn. App. 52 (1998) is limited to a strict lender-borrower relationship. It cannot be extended to apply to the factual allegations of this case in which the plaintiff is the assignee of a purchase money mortgage wherein the assignor was the seller-lender. It is axiomatic that an assignee stands in the shoes of the assignor. Additionally, the purpose of the appraisal in Dubinsky was for the sole purpose of enabling the lender to decide whether to make the loan. In the subject case the purpose of the appraisal was to induce the purchaser to buy.
Second Special Defense. Granted. The failure to allege that the plaintiff knew the appraisal to be untrue constitutes a fatal omission of one of the essential elements of the tort of intentional misrepresentation. Paiva v. Vanech HeightsConstruction Co. 159 Conn. 512. 515 (1970).
Third Special Defense. Denied. The acts described relate to the making enforcement and validity of the note because if the sale and consequently the mortgage were induced by false misrepresentations upon which the defendant relied, then the transaction may be held to have been invalid in the making.Boretz v. Segar 124 Conn. 320 (1938); Knutson Mortgage Corp. v.Williams CV 96-0334486 S J.D. Fairfield at Bridgeport, 1997 (West).
MOTTOLESE, J.