[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE (#110)
1. First Special Defense. Granted.
The generalized allegation of a breach of an agreement without supporting allegations of issuable facts constitutes the assertion of nothing more than a legal conclusion and should be stricken. Verdon v. TransAmerica Insurance Co. 187 Conn. 363, 365
(1982).
2. Second Special Defense. Granted. CT Page 4657
There is no allegation that the plaintiff owed any duty to the defendant to offer assistance through the U.S. Housing Urban Development Program. See, Dubinsky v. Citicorp Mortgage, Inc.,48 Conn. App. 52, 58-60 (1998).
3. Third Special Defense. Granted.
As with the first and second special defenses the allegations of this special defense are fatally conclusory and allege no duty on the part of the plaintiff to offer a loan work out.
4. Fourth Special Defense. Granted.
The defense of waiver resulting from acceptance of late payments is precluded by the terms of paragraph 17 of the promissory note which is attached to the complaint and which the court is permitted to consider on a motion to strike. Redmond v. Mathies149 Conn. 423, 426 (1962).
5. Fifth Special Defense. Granted.
This special defense is no less fatally conclusory than the first special defense.
6. Sixth Special Defense. Granted.
While tender of the full debt may be deemed to constitute a valid defense, Hartford Federal Savings and Loan Association v. Tucker,196 Conn. 172, 181 (1985), an allegation of tender of some sum less than the full amount does not constitute a valid defense.
BY THE COURT,
Mottolese, Judge