[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This action comes before the court on the defendant's motion for summary judgment on count one of the plaintiff's complaint alleging premises liability.[1] The plaintiff, Ruth Watts, alleges that she was caused to slip and fall on the icy surface of the parking lot owned by the defendants. Watts further alleges that the defendants, William McCann, Timothy McCann and Esther McCann, maintained the parking lot in a careless and negligent manner causing this dangerous condition. The defendants McCann move for summary judgment on the grounds that the plaintiff fell in the course of her employment with Windsor Best Cleaners and she is barred, therefore, by the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-275 et seq., from recovering against her employer for personal injuries sustained during her employment. CT Page 6592
The pleadings, affidavits and other documents presented on the motion for summary judgment reveal that the defendants McCann are the sole partners of the partnership, Windsor Best Cleaners, doing business as Best Cleaners. On or about February 16, 1996, the plaintiff was caused to fall allegedly due to an accumulation of ice on the surface of the parking lot of Windsor Best Cleaners located at 292 Poquonock Avenue, Windsor, Connecticut. At the time of the fall, the plaintiff was acting within the course of her employment with Windsor Best Cleaners.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Practice Book § 17-49; see also Dowling, Sr. v. Finley Associates,Inc., 248 Conn. 364, 369-70, 727 A.2d 1245 (1999); Daily v. New BritainMachine Co., 200 Conn. 562, 568, 512 A.2d 893 (1986). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988); see also Dubinsky v. Citicorp Mortgage, Inc.,48 Conn. App. 52, 55, 708 A.2d 226, cert. denied, 244 Conn. 926, 714 A.2d 9
(1998). "A `material' fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. Danbury Hospital, supra, 201.
The defendants McCann argue that Windsor Best Cleaners owned the property at issue. In support of this contention of ownership, the defendants McCann submitted copies of bills and checks paid to the town of Windsor by Windsor Best Cleaners for real estate and personal property taxes for the property at issue. The defendants McCann further argue that because the plaintiff was employed by Windsor Best Cleaners at the time of the fall, and the defendants McCann were the sole partners of Windsor Best Cleaners, the plaintiff has brought an action against her employer. The defendants McCann argue that the plaintiff's exclusive remedy for this action is under the Workers' Compensation Act, General Statutes § 31-284 (a) which states, in pertinent part: "[a]ll rights and claims between an employer . . . and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter." See, e.g.,Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532,494 A.2d 555 (1985); Mingachos v. CBS, Inc., 196 Conn. 91, 98, 491 A.2d 368
CT Page 6593 (1985); Jett v. Dunlap, 179 Conn. 215, 217, 425 A.2d 1263 (1979).
The plaintiff argues that there exists a genuine issue of material fact because she maintains that the defendants McCann each, in their individual capacity, own the property at 292 Poquonock Avenue. In support of this proposition, the plaintiff submitted the deed to the property, the town of Windsor real estate tax bill and the partnership agreement. Accordingly, the plaintiff argues that the instant action is not barred by § 31-284 (a) because it is against the defendants McCann in their individual capacities as owners of the property, not as partners of Windsor Best Cleaners and the plaintiffs employers.
Generally, under the Workers' Compensation Act, "where a worker's personal injury is covered by the act, statutory compensation is the sole remedy and recovery in common-law tort against an employer is barred."Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529; see alsoSharp v. Mitchell, 209 Conn. 59, 66, 546 A.2d 846 (1988). Therefore, the ownership of the real property located at 292 Poquonock Avenue, is a material fact because it will determine whether the plaintiff may proceed with the instant action. Upon review of the documents submitted by both parties, it is clear that a genuine issue of material fact exists in this regard. First, defendant William McCann stated in his affidavit that Windsor Best Cleaners owns the property. Additionally, copies of checks reveal that Windsor Best Cleaners pays the real estate taxes on the property. In contrast, the real estate tax bill sent by the town of Windsor lists the defendants Timothy, Esther and William McCann as owners of the property with no mention of Windsor Best Cleaners. Furthermore, the deed to the property lists these individuals as record title owners of said property. Finally, although an addendum to the partnership agreement designates this parcel of land as partnership property, this designation fails to shed light on the issue of actual ownership which remains contested by conflicting documents before the court.
Based on the facts presented in the pleadings, affidavits and other documents, the defendants McCann are not entitled to judgment as a matter of law because a genuine issue of material fact exists with regard to the ownership of the property upon which the injury took place. Accordingly, the motion for summary judgment as to count one is denied.
BY THE COURT
Hon. Andre M. Kocay, J.