[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Rose Goodfield, alleges that on March 5, 1996, she sustained injury when she slipped and fell on ice and snow in the Terryville High School parking lot as she was leaving work. She alleges that the town of Plymouth owned and controlled the parking lot at all relevant times and hired Richards Corporation to remove snow therefrom. The plaintiff further alleges that the contract between the town of Plymouth and Richards Corporation was in effect the day of the incident.
The plaintiff initiated suit on February 25, 1998, alleging negligence against the town of Plymouth and Richards Corporation.[1] The town of Plymouth was granted summary judgment, Holzberg, J., on July 20, 1998. The remaining defendant, Richards Corporation, moves for summary judgment on the remaining count on the ground that the defendant did not owe a duty to the plaintiff on the date of the incident. The plaintiff timely filed an objection and both parties filed memoranda of law. The court heard oral argument on July 10, 2000, and now issues this decision.
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof CT Page 1399 submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). A defendant's motion for summary judgment is properly granted if the motion "raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999).
"A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) Harvey v.Boebringer Ingelheim Corp., 52 Conn. App. 1, 5, 724 A.2d 1143 (1999); see also Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
The defendant moves for summary judgment on the ground that the defendant owed no duty to the plaintiff. The defendant argues that the agreement did not require the defendant to sand or salt the parking lot, but only to remove snow if snowfall accumulated to two inches. The defendant argues the snowfall did not accumulate to two inches on March 5, 1996, therefore, no duty to remove the snow arose. The plaintiff objects arguing there is a question of material fact as to the amount of accumulated snowfall on that day.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." Dean v. Hershowitz, 119 Conn. 398,407-08, 177 A. 262 (1935). "Where there is no duty, there can be no negligence." Hassett v. Palmer, 126 Conn. 468, 473, 12 A.2d 646 (1940).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." CT Page 1400 (Internal quotation marks omitted.) Amendola v. Geremia, 21 Conn. App. 35,37, 571 A.2d 131, cert. denied 215 Conn. 803, 574 A.2d 218 (1990). Although summary judgment may be appropriate to determine whether a defendant owes a duty of care when the question is one of law; see Pionv. Southern New England Telephone, 44 Conn. App. 657, 660, 691 A.2d 1107
(1997); when the question of duty includes elements of both fact and law summary judgment is inappropriate. See Raboin v. North AmericanIndustries, Inc., 57 Conn. App. 535, 538, 749 A.2d 89 (2000).
The parties do not dispute there was a valid agreement between the defendant and the town of Plymouth that the defendant would remove snow from the parking lot of Terryville High School. The evidence presented by the parties leaves no question of material fact as to the scope of the agreement. The quote request presented by both parties lists the scope as snowplowing. (Plaintiff's Exhibit 1; Defendant's Exhibit 1) The quoted cost of snow plowing services begins at 2-5 inches of accumulation. The quote does not address salting or sanding. The affidavit of Richard M. Doyle, Sr., president of Richards Corporation, presented by both parties, states that the defendant was awarded the contract to plow snow after two inches of accumulation and was not contracted to salt or sand the parking lot until after the plaintiff fell. (Plaintiff's Exhibit 4; Defendant's Exhibit 5) The defendant also presented a proposal for sanding from the defendant to the Board of Education dated March 5, 1996. (See Defendant's Exhibit 2) Doyle states in his affidavit that the defendant was contacted for a sanding proposal after the plaintiff fell. The court finds that the agreement in effect on March 5, 1996, did not obligate the defendant to sand or salt the parking lot. The defendant's responsibility under the agreement was to remove the snow when it accumulated to two inches.
"[A] defendant may be liable in negligence for the breach of duty which arises out of a contractual relationship." Neiditz v. Morton S. Fine Associates, Inc., 199 Conn. 683, 688, 508 A.2d 438 (1986). "[T]he ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." (Internal quotation marks omitted.) Clohessy v. Bachelor, 237 Conn. 31, 47,675 A.2d 852 (1996). "A duty to use care may arise from . . . circumstances, under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) Dubinsky v. Citicorp Mortgage, Inc.,48 Conn. App. 52, 58, 708 A.2d 226 (1998). "[T]he scope of the undertaking may be such that the duty to use care will extend beyond the immediate promisee in the contract to others, where injury is likely to result to them from a performance of the assumed duty without the use of proper care. Dean v. Hershowitz, supra, 119 Conn. 410. The court finds CT Page 1401 that if the defendant's duty under the agreement arose, the defendant would owe this plaintiff a duty because injury to a school employee was a foreseeable result of the defendant's failure to perform its obligation with proper care.
The question remaining before the court is whether a duty arose on March 5, 1996. Determination of that duty turns on whether snow had accumulated to two inches on that day. The defendant presented the plaintiff's deposition testimony[2] stating that the plaintiff did not know how much snow accumulated on March 5 (Defendant's Exhibit 4, p. 10), and that all the snow that fell the previous day melted. (Defendant's Exhibit 4, p. 12) The defendant also presented an affidavit of Richard M. Doyle, Sr., president of Richards Corporation, averring that on March 4 and March 5, less than two inches of snow fell each day. (Defendant's Exhibit 5) Further, the defendant submitted a weather report from the National Weather Service showing only trace snowfall at Sikorsky Airport in Bridgeport, Connecticut on March 4 and March 5. (Defendant's Exhibit 6)
The plaintiff also presented her own deposition testimony asserting that one to one and one-half inches of snow fell on March 4 which was not removed (Plaintiff's Exhibit 3, p. 8) and melted leaving the parking lot wet with ruts from car tires. (Plaintiff's Exhibit 3, p. 13) She further stated that approximately one inch of snow fell on March 5. (Plaintiff's Exhibit 3, p. 10) The plaintiff also presented deposition testimony of Joseph A. Raboin, Supervisor of School Facilities for the Plymouth Board of Education, that "normally that area of the parking lot has sometimes a thin crust of ice in that area, and there probably was some hard packed snow from maybe the front of her car over to the kitchen area." (Plaintiff's Exhibit 2, p. 30) Furthermore, the plaintiff disputes the relevance of the defendant's weather report that reported on the Bridgeport area only.[3]
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . ." Witt v. St.Vincent's Medical Center, supra, 252 Conn. 368. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Id., 377. The question of the amount of snow accumulation in the parking lot of Terryville High School on March 5, 1996, is dispositive of the issue of whether the defendant's duty to remove the snow arose. The defendant has the burden, therefore, of showing there is no question as to the amount of snow accumulation on that day. Reading the evidence presented in a light most favorable to the plaintiff; see id., 368; the defendant has failed to meet its burden of showing that there is no genuine issue of material fact that less than CT Page 1402 two inches of snow accumulated in the parking lot of Terryville High School on March 5, 1996.
The weather report submitted by the defendant addresses the Bridgeport area only and fails to prove the amount of snow accumulation in Plymouth on March 5. Consequently, the report does not aid the defendant is meeting its burden. The affidavit of Doyle indicates merely that less than two inches of snow fell on both March 4 and 5. Because the affidavit does not indicate the amount of accumulation on the ground on March 5, it does not aid the defendant in meeting its burden. Furthermore, the deposition of the plaintiff, read as a whole, appears contradictory. Although the plaintiff states that the snow from March 4 melted she also states that the melting left ruts from car tires throughout the lot, indicating that some volume of snow remained.
Pursuant to the foregoing, the court finds that the evidence presented in support of the motion is insufficient to show that no genuine issue of material fact exists. Accordingly, the defendant's motion for summary judgment is denied.
BY THE COURT
Hon. Andre M. Kocay, J.