[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 3157 RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, BMW Financial Services NA, LLC (BMW), has brought this collection action against the defendant, William E. Wheeler, alleging that the defendant defaulted on a March 27, 1999, motor vehicle leasing agreement (agreement) between the parties and therefore, the defendant owed the plaintiff $69,947.08. In June of 2000, the plaintiff brought a replevin action in order to repossess the vehicle. Subsequently, the defendant returned the vehicle to the plaintiff. In September of 2000, the plaintiff sold the vehicle in question at an auction for $42,500. On October 19, 2000, the plaintiff notified the defendant by letter that the vehicle had been sold, but that the defendant owed the deficiency from the sale of the vehicle in the amount of $29,015.65.[1]
The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact in dispute. The plaintiff argues that it is undisputed that the defendant admitted in his answer that: (1) he entered into the agreement with the plaintiff; and (2) he defaulted on said agreement.[2] The defendant responds that: (1) the plaintiff failed to give him proper notice of the exact amount of the default and therefore, the plaintiff breached the implied covenant of good faith and fair dealing; and (2) there is an issue of genuine material fact in dispute as to whether the plaintiff properly mitigated its damages at the auction. Consequently, the defendant argues that summary judgment should be denied as there are genuine issues of material fact in dispute.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
The plaintiff argues that the defendant received proper notice of the default as evidenced by letters written to the defendant regarding the default. (Plaintiff's memorandum, Exh. B-1, B-3.) In further support of CT Page 3158 its contention, the plaintiff attached a return receipt signed by the defendant as evidence that the defendant received the May 18, 2000, letter sent by the plaintiff.[3] (Plaintiff's memorandum, Exh. B-2.) The defendant responds that he did not receive notice of the default, nor notice of the vehicle's auction, and therefore, the plaintiff has breached the implied covenant of good faith and fair dealing. The defendant, however, does not offer any documentation or evidence to refute the plaintiff's contention; the defendant does not show that the return receipt was not received by the defendant, or that the signature on the return receipt is not that of the defendant. Furthermore the defendant has not attached an affidavit or any other documentation to show that he received no notice of the auction. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Ins.Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). Consequently, the court finds that the defendant received actual notice of the default on the agreement.
While the plaintiff primarily relies on its argument regarding proper notice, the defendant argues that there is a genuine issue of material fact as to whether the plaintiff mitigated its damages at the auction. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Brackets in original, internal quotation marks omitted.) Issler v.Issler, 250 Conn. 226, 235, 737 A.2d 383 (1999); see also Morales v.Callahan, Superior Court, judicial district of Stamford/Norwalk fat Stamford, Docket No. 128107 (November 5, 1997, D'Andrea, J.). "When the intention conveyed by the terms of an agreement is clear and unambiguous, there is no room for construction." (Internal quotation marks omitted.) Dubinsky v. Citicorp Mortgage, Inc., 48 Conn. App. 52,57, 708 A.2d 226, cert. denied, 244 Conn. 926, 714 A.2d 9 (1998).
In the present case, paragraph thirty-four of the parties' agreement states that in the case of a default, if the plaintiff "get[s] back the [v]ehicle, [the plaintiff] may dispose of it by public or private sale." (Emphasis added.) Consequently, there is no genuine issue of material fact in dispute as to whether the plaintiff mitigated its damages because when the plaintiff sold the vehicle at the auction it was doing so pursuant to the clear and unambiguous terms of paragraph thirty-four of the agreement. (Plaintiff's memorandum, Exh. A; Defendant's memorandum, Leasing Agreement Accordingly, the plaintiff's motion for summary judgment is granted. CT Page 3159
So Ordered.
D'ANDREA, J.