[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE FILED BY DEFENDANT ASSOCIATES HOME EQUITY SERVICES
 I STATEMENT OF THE CASE
Pending before the court is the defendant Associates Home Equity Services' motion to strike counts four and five of the plaintiffs' complaint. The allegations of the complaint may be summarized as follows. The defendant Oceanmark Financial Corporation ["OFC"] held a mortgage on property owned by the plaintiffs, Mark Owades and Kim Cooper. OFC assigned this mortgage to the defendant Southern Pacific Funding Corporation ["SPFC"]. This assignment from OFC to SPFC was never recorded. Subsequently, SPFC assigned the mortgage to Associates Home Equity Services ["AHES"]. AHES did record the assignment of mortgage it received from SPFC. Thereafter, the plaintiffs paid off the mortgage and demanded a release of the mortgage. AHES responded by providing this release, but plaintiffs allege that "because the chain of title does not reflect an assignment from OFC to SPFC, the OFC mortgage remains as a cloud upon plaintiffs' title."
The plaintiffs allege in count four of their complaint that all three defendants, including AHES, were negligent in creating a cloud on the plaintiffs' title by failing to record and/or correct the non-recordation of the first assignment of the mortgage from OFC to SPFC. The specific claim of negligence is that the defendants knew or should known that an assignment of the mortgage from OFC to SPFC without a recording of this assignment on the land records would create a cloud on plaintiffs' title that the plaintiffs would cure; and that despite this knowledge, the defendants proceeded with the transaction, created this cloud on the title, and caused plaintiffs' injury.
In count five of the complaint, the plaintiffs allege that all three defendants violated the Connecticut Unfair Trades Practices Act, C.G.S. Sec. 42-110b et seq.[CUTPA], by assigning and/or accepting the mortgage without ensuring that the assignment of the mortgage was recorded.
AHES moves to strike count four of the complaint on the ground that AHES owed no duty to the plaintiffs to obtain and record an assignment CT Page 9160 from OFC. OFC was not AHES's direct predecessor in interest. It is not alleged that AHES had any involvement in the dealings between OFC and SPFC. It is not alleged that AHES had any control over OFC or had any direct business dealings or contractual arrangements with OFC.
AHES moves to strike count five of the complaint because the complaint fails to assert as a matter of law that AHES's actions were unfair or deceptive under CUTPA and because the complaint fails to establish that the plaintiffs suffered an ascertainable loss necessary to maintain a CUTPA action.
 II DISCUSSION A Count Four: Negligence Claim
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand . . . We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 250-51, 765 A.2d 505 (2001).
The plaintiffs have provided no authority to support their claim that a mortgagee has a duty to record an assignment of the mortgage from a previous holder of the mortgage. In the absence of a statutory or contractual requirement, a mortgagee generally has no obligation to record an assignment in order for its validity to be maintained. See General Statutes § 49-10 (concerning statutory requirements for assignments of mortgages); see generally, 59 C.J.S. 415, Mortgages § 345(b) (1998) (recording an assignment of a mortgage is ordinarily not a prerequisite to its validity); see also 3 Restatement (Third), Property, CT Page 9161 Mortgages § 5.4, P. 381-82 (1997) (an assignment is valid absent a recording by the mortgagee.)
Recordation is, however, desirable in order to protect the interests of the mortgagee against a subsequent holder in due course of a note secured by the same collateral without notice of the prior mortgage. See General Statutes § 47-10 (a conveyance of land not recorded will be ineffective against persons other than the grantor and his heirs); see also 3 Restatement (Third), supra, § 5.4 (assignee is well advised to record mortgage assignment in order to protect its interest in the mortgage.) In other words, recordation is often necessary to protect the priority of the current mortgage against another mortgage or a lien secured by the same collateral. This case, however, does not present a problem of priorities created by the failure to record the mortgage.
In short, there appears to be no "duty" arising to the level of a common law, due care obligation owed by an assignee of a mortgage to the mortgagor that the assignee must record the assignment. As an essential element of a cause of action in negligence is the existence of a legally, cognizable duty, the law does not impose liability in tort for every conceivable harm that may in some way flow from another's conduct. See generally, Waters v. Autuori, 236 Conn. 820 (1996) (holding that no duty is owed by a professional accountants' association to plaintiffs who relied to their detriment on financial reports prepared according to standards promulgated by the association); Dubinsky v. Citicorp Mtge.,Inc., 48 Conn. App. 52, 58-60 (1998) (holding that a mortgage lender owes no common law duty to perform an accurate appraisal for the benefit of a loan applicant).
Assuming arguendo that there was a "duty" to record the first assignment of mortgage to SPFC, the plaintiffs have not cited any authority making AHES, the holder and recorder of the second assignment, legally responsible to the plaintiffs in tort for the actions of OFC and SPFC, its predecessors in interest, for what they recorded or failed to record; nor have the plaintiffs cited any authority to support their position that a mortgagee has a duty to correct any defect in the chain of title caused by some prior holder of the mortgage interest. See generaly, 59 C.J.S. 237, Mortgages § 193 (1998) (where, by reason of intervening rights, the failure to record a mortgage results in a loss, the mortgagee who failed to record must suffer the loss.)[1]
Thus, the court concludes that AHES does not owe a duty to the plaintiffs to record or correct the non-recording of the assignment of mortgage received by SPFC, and the motion to strike count four should be granted. CT Page 9162
 B Count Five: CUTPA Claim
CUTPA, General Statutes § 42-110b (a) provides, in pertinent part: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The plaintiffs' claims that AHES violated CUTPA are based on their argument that AHES owed them a duty to record or to correct the non-recording of the assignment from OFC to SPFC. As the court has held that AHES had no such duty, the plaintiffs' CUTPA must fail and the motion to strike count five should be granted. Thus the court does not reach the issue whether a CUTPA claim would have been established under the complaint if such a duty existed. The court also does not reach AHES' argument that the plaintiffs' pleadings fail to establish an ascertainable loss necessary the maintain an action under CUTPA.
 III CONCLUSION
Therefore, for these reasons, the motion to strike counts four and five of the complaint filed by the defendant Associates Home Equity Services is granted.
STEVENS, J.