[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THE PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SPECIAL DEFENSES AND COUNTERCLAIMS (#135)
This case involves a foreclosure action brought by the plaintiff in November of 1999, alleging that the defendants defaulted on a promissory note executed on December 28, 1990. The promissory note is secured by a mortgage deed on the defendants' property located 48 Stoehrs Place, Bridgeport, Connecticut.
The defendants initially defended this action in pro se status. Counsel appeared for the defendants on May 7, 2001, and their answer, special defenses and counterclaims were filed on June 21, 2001 (#129). The plaintiff moved to strike the special defenses and counterclaims by motion filed August 15, 2001 (#135). The defendants filed their objection to the CT Page 4352 motion to strike on August 31, 2001 (#138). Oral argument on the motion to strike was heard on January 22, 2002.
In addition to its motion to strike, the plaintiff on or about July 9, 2001, moved to sever the defendants' counterclaims. The defendants objected to the motion to sever on July 31, 2001. The motion to sever (#132) was denied by the court on August 8, 2001.
The defendants' note and mortgage, not unlike this litigation, has a complex history. The mortgage originated with the GMAC Mortgage Corporation, which assigned the note and mortgage to the Connecticut Housing Finance Authority on December 28, 1990. The note and mortgage were assigned by the Connecticut Housing Finance Authority to the Secretary of Housing and Urban Development by assignment dated July 9, 1993. The Secretary of Housing and Urban Development assigned the note and mortgage to Berkley Federal Bank Trust, FSB (Berkley), by assignment dated April 1, 1997. Berkley assigned the note and mortgage to Girard Savings Bank by assignment dated May 1, 1997. First Bank of Beverly Hills f/k/a Girard Savings Bank assigned the note and mortgage to WMFC 1997-4, Inc., by assignment dated April 9, 1998. The note and mortgage were assigned by WMFC 1997-4, Inc., to WMFC 1997-4 Properties, Inc., by assignment dated April 20, 1998. The note and mortgage were assigned by WMFC 1997-4 Properties, Inc., to the plaintiff by assignment dated June 17, 1999, and recorded August 6, 1999 in volume 4180, page 21 of the Bridgeport land records.
"A motion to strike tests the legal sufficiency of a counterclaim and may properly be used to challenge the sufficiency of a counterclaim."Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985); Practice Book § 10-39(a)(5). "A motion to strike admits all facts well pleaded." (Citation omitted.) Parsons v.United Technology Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged. . . ." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "[A motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citations omitted.) Mingachos v. CVS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citations omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted.) NovametrixCT Page 4353Medical System v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992).
The defendants' special defenses and counterclaims are as follows. The first special defense asserts that the plaintiff is barred from an equitable remedy "by virtue of the doctrine of unclean hands, fraud, equitable estoppel, [and] breach of the implied covenant of good faith and fair dealing." The second special defense claims that the plaintiff is barred from enforcing the default of the note and mortgage "because the defendants were induced by fraudulent, negligent and/or innocent misrepresentations, on which defendants relied to their detriment." The third special defense asserts that the plaintiff is equitably estopped from enforcing the alleged default. The fourth special defense asserts that the plaintiff is barred from enforcing the alleged default because of a breach of an implied covenant of good faith and fair dealing. The sixth special defense[1] asserts that the plaintiff is barred from enforcing the note and mortgage because it would be "unconscionable" to the defendants. The seventh special defense claims that the plaintiff is barred from recovery because "the foreclosure prepared by the plaintiff, through its agents, and executed by the plaintiff, were executed as a result of a mistake."
The first count of the counterclaim asserts a claim for fraudulent misrepresentations; the second count sets forth a claim of negligent misrepresentations; and the third count claims damages as a result of "innocent misrepresentations." The fourth count asserts a claim under an alleged breach of the implied covenant of good faith and fair dealing; and the fifth count asserts a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-1-10b et. seq.
In its motion, the plaintiff argues 13 grounds for striking the special defenses and counterclaims: legal insufficiency; statute of limitations; statute of fraud; lack of fiduciary duty between a borrower and lender; legal insufficiency of the unclean hands claim; failure to allege all of the elements of fraud; failure to allege all of the elements of negligent misrepresentation or innocent misrepresentation; failure to set forth the elements of equitable estoppel; failure to set forth sufficient facts to justify their application; failure to allege the elements of unconscionability; failure to satisfy the three criteria for claiming a CUTPA violation; that the special defense and counterclaim did not address the making, validity or enforcement of the note and/or mortgage; and that the counterclaim does not arise out of the same transaction as the plaintiff's complaint. In their objection, the defendants set forth 21 numbered reasons why the motion to strike should be denied.
The following pertinent facts are collected from the pleadings. On CT Page 4354 October 1, 1998, the defendants made a loan adjustment agreement with WMFC which acknowledged the debt as of that date as $125,000. The defendants maintain that they have made all installments which were due and owing in accordance with the loan adjustment agreement. The defendants also allege that the plaintiff failed to send a notice to cure as required by paragraph 18 of the mortgage deed. The defendants further claim that the plaintiff failed to accept a subsequent loan adjustment.
The defendants assert in paragraph 20 of their counterclaims that the plaintiff "breached its duty by failing to provide, and in fact depriving, defendants' Josue Charles, Sr. and Irene Charles through the [plaintiff's attorneys] of:
 (a) a lawyer who would give them informed understanding of their legal rights and obligations and explain the practical implications to them; (b) a lawyer who would fairly evaluate their circumstances and affairs and report candidly to them; (c) a lawyer who would render skilled and competent representation to them; (d) a lawyer who would act with commitment, dedication and diligence to their interests; (e) a lawyer who would act honestly and responsibly; (f) a lawyer who could exercise ummpaired loyalty to the plaintiff Ocwen's commitment to good faith and fair dealing.
Notwithstanding the defendants' claims, it is inconceivable to this court that a mortgage lender would ever be compelled to provide through its lawyer legal services to a defendant borrower. There is no fiduciary duty ordinarily existing between a borrower and lender. Dubinsky v.Citicorp Mortgage, Inc., 48 Conn. App. 52, 59, 708 A.2d 226, cert denied, 244 Conn. 926, 714 A.2d 9 (1998); see also SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 728 A.2d 1114 (1999). "The determination of whether a duty exists is a question of law." Jaworskiv. Kiernan, 241 Conn. 399, 404, 696 A.2d 332 (1997). "Only if a duty is found to exist does a trier of fact determine whether the defendant violated that duty in the particular instance." Field v. Kearns,43 Conn. App. 265, 278, 682 A.2d 148, cert. denied, 239 Conn. 942,684 A.2d 711 (1996). Under the facts as alleged in the counterclaims, no such duty exists in this case.
The plaintiff's attorneys are not named as parties in the counterclaims, so there is no issue pending as to whether they owed any legal duty to the defendants. The Rules of Professional Conduct (see rule 3.4) articulate the duty placed upon these attorneys by the superior court, but the preamble to those rules clarifies that they are not designed to serve as a basis for civil liability. Standish v. SotaventoCT Page 4355Corp., 58 Conn. App. 789, 796-97, 755 A.2d 910, cert. denied,254 Conn. 935, 761 A.2d 762 (2000). To the extent that the defendants' special defenses and counterclaims are dependent upon the existence of such a duty, those claims are legally insufficient.
The special defenses and counterclaims that rely on an alleged loan adjustment agreement fail to allege the existence of a writing memorializing such agreement. The statute of frauds precludes reliance on an oral agreement affecting "any interests in it or concerning real property." See Source One v. Dziurzynski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145337 (May 22, 1996, Hickey, J.).
The plaintiff argues in its motion to strike that the applicable statutes of limitation would prevent the defendants from asserting their tort claims with respect to the note which was made in 1990. The defendants, however, are asserting tortious conduct by the plaintiff in connection with the enforcement of the note, which claims are not precluded by statutes of limitation, inasmuch as the enforcement effort is ongoing. Moreover, a claim that an action is barred by the lapse of the statute of limitation must be pleaded as a special defense, not raised by a motion to strike. Practice Book § 10-50; Forbes v. Ballaro,31 Conn. App. 235, 239, 624 A.2d 389 (1993).
For the following reasons, the motion to strike the first, fourth and seventh special defenses is granted.
The first special defense mixes equitable and contract claims (unclean hands, fraud, equitable estoppel, breach of implied covenant of good faith and fair dealing). A party may plead in the alternative but, pursuant to Practice Book § 10-26, alternative pleas must be set forth in separate counts.
The fourth special defense asserts a breach by the lender of the implied covenant of good faith and fair dealing. The covenant of good faith and fair dealing has been applied by the Connecticut Supreme Court in a variety of contractual relationships as "a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of the contract, unless, possibly, those terms are contrary to public policy. . . ." (Citations omitted.) Magnum v. Anaconda Industries,Inc., 193 Conn. 558, 567, 479 A.2d 781 (1984). The defendants' allegations do not support either an articulation of any "dishonest purpose" attributable to the plaintiff or what public policy is implicated by the failure to send the default CT Page 4356 notice as alleged. The motion is granted as to the fourth special defense.
The seventh special defense asserts the defense of "mistake." There is no articulation of what the mistake was or who made a mistake. Such pleadings are insufficient and the motion to strike is granted.
The motion to strike the second, third and sixth special defenses is denied for the following reasons.
The misrepresentation claim asserted in the second special defense has been recognized by the Connecticut Supreme Court in Beverly HillsConcepts v. Shatz, Ribicoff Kotkin, 247 Conn. 48, 57, 717 A.2d 724
(1998), and D'Ulisse-cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 217, 520 A.2d 217 (1989). The motion is denied as to the defendants' second special defense.
The defendants have pleaded sufficiently in their third special defense with respect to misrepresentations by the plaintiff. "[A]ny claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Eis v. Meyer,213 Conn. 29, 34, 566 A.2d 422 (1989). Having so pleaded, the motion is denied as to the third special defense.
With respect to the allegations of unconscionableness raised in the sixth special defense, the appellate court has held that "[t]he basic test [of unconscionability] is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." (Citations omitted; internal quotation marks omitted.) Family FinancialServices, Inc. v. Spencer, 41 Conn. App. 754, 763, 677 A.2d 479 (1996). The appellate court also has recognized a "procedural unconscionability . . . implicated by bargaining improprieties in the contract formation process [as opposed to] substantive unconscionability implicated by overly harsh contract terms." Emlee Equipment Leasing Corp. v. WaterburyTransmissions, Inc., 31 Conn. App. 455, 463 n. 12, 626 A.2d 307 (1993). The defendants have sufficiently alleged facts demonstrating false representations and fraudulent motivations to allow the sixth special defense to survive the motion to strike.
In light of the above discussion regarding the misrepresentation claim asserted in the second special defense, the motion to strike the first three counterclaims relating to fraudulent, negligent and innocent CT Page 4357 misrepresentations by the plaintiff and its attorneys is denied. The fourth count of the counterclaim based on the implied covenant of good faith and fair dealing is stricken. The fifth count of the counterclaim asserting a violation of CUTPA also is stricken.
 CONCLUSION
The fourth and fifth counterclaims and the defendants' first, fourth and seventh special defenses are stricken. The motion to strike is denied as to the first three counterclaims and the second, third and sixth special defenses.
ROBERT McWEENY, J.