[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this foreclosure action, the plaintiff Bankers Trust Company, moves to strike as legally insufficient the following special defenses alleged by defendant. First Special Defense:
That the note and mortgage are null and void because the plaintiff failed in its responsibility accurately to appraise the subject property at the time of granting of the mortgage, and its failure is unconscionable and against public policy. Second Special Defense: That the note and mortgage are null and void because the plaintiff failed in its responsibility accurately to qualify the defendant to repay the debt and that constitutes unfair or deceptive trade practices in the conduct of its business in violation of Connecticut General Statutes Section42-110a, et seq. Third Special Defense: The plaintiff improvidently granted credit to the defendant and that is unconscionable and against public policy. Fourth Special Defense: The note and mortgage are null and void because the note provides for a prepayment penalty for three years of six months interest on the mortgage, that penalty effectually prevents the defendant from refinancing the debt, and such provision is unconscionable and against public policy. CT Page 6661
The underlying bases of these special defenses are the note and mortgage are void because of unconscionability. The Supreme Court has recognized that defense as permissible in a foreclosure action. CheshireMortgage Services, Inc. v. Montes, 223 Conn. 80 (1992). As official comment 1 to § 2-302 of the Uniform Commercial Code suggests, "The basic test is whether, in light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one sided as to be unconscionable under the circumstances existing at the time of the making of the contract." Hamm v. Taylor,180 Conn. 491, 495-6 (1980); Texaco v. Golart, 206 Conn. 454, 462
(1988). The determination of unconscionability is made on a case by case basis and is a question of law. Cheshire Mortgage Services, Inc. v.Montes, supra, 88-9.
A transaction may be procedurally unconscionable due to the mortgagor's lack of knowledge about the terms of the loan, or his lack of voluntariness in entering into the loan. Id. at 89. In its special defenses the defendant does not allege lack of understanding or involuntarily entering into the transaction.
A transaction may also be substantively unconscionable due to the oppressive "mathematics" of the loan transaction in that the mortgagor's monthly income made it virtually impossible for her to pay the monthly mortgage payments. However, such a defense depends upon the mortgagee believing that the mortgagor could not make the payments, and, further, that the mortgagee entered into the loan with the intention to foreclose on it in order to reap the equity in the home. Id. at 92. Neither of these allegations are made by the defendant in this case.
Turning to the specific special defenses, the first special defense, based upon the plaintiff failing to appraise the subject property accurately, has been rejected by the Appellate Court in Dukinsky v.Citicorp Mortgage, Inc., 48 Conn. App. 52 (1998). that case, the court noted that the relationship between a potential lender and mortgage loan applicant does not impose on the mortgagee a duty owed to the applicant to perform an accurate appraisal of the property. It concludes a mortgagee has no common law duty to perform the appraisal with reasonable care."48 Conn. App. at 58. Nor does a mortgagee have a fiduciary duty owed to the mortgagor. Bristol Savings Bank v. Miller's Chevrolet, No. CV 92-0703529, J.D. of Hartford-New Britain at Hartford (Satter, JTR, April 27, 1993). Thus, the court concludes that first special defense is insufficient and should be stricken.
The second special defense is that the plaintiffs inaccurately stating the defendant's income constituted unfair or deceptive trade practices in CT Page 6662 violation of CUTPA. That Act prohibits any person from engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of a trade or commerce and allows a person who suffers an ascertainable loss as a result of a violation of the Act "to recover actual damages." Violation of the Act may be the basis for a counterclaim but is not a defense to a foreclosure action. G.E. Capital Mortgage v.Klett, No. CV 95-0552540, Judicial District of Hartford-New Britain at Hartford (Satter, JTR, February 21, 1996). The second special defense is legally insufficient and should be stricken.
The defendant's third special defense is that the plaintiff improvidently granted credit to the defendant and that is unconscionable and against public policy. However, as indicated above, defendant does not allege how that act is procedurally unconscionable by defendant being induced to take the loan involuntarily, or substantively unconscionable by the plaintiff making the loan in order to acquire the equity in defendant's home. Thus, this special defense is insufficient and should be stricken.
The fourth special defense alleges that the note and mortgage are null and void because the note provides for a prepayment penalty of three years, in the amount of six months interest on the mortgage, and that penalty effectively prevents the defendant from refinancing the debt. Prepayment penalties commonly appear in mortgage notes. Defendant fails to cite any authority for why they are against public policy, except for referring to a law review article of Professor Vern Countryman entitled "Improvident Credit Extension: A New Legal Concept Aborning?", Maine Law Review Volume 27, No. 1, 1975. This article presents an interesting academic concept that is not supported by any court decisions in Connecticut or in any other state.
The court concludes that all of the special defenses are legally insufficient and grants plaintiff's motion to strike them.
Robert Satter Judge Trial Referee