SUSAN C. FORTE ET AL. *v.* CITICORP
MORTGAGE, INC.
(AC 20666)

Mihalakos, Flynn and Hennessy, Js.

476

Argued June 7—officially released October 23, 2001

*Laurence V. Parnoff*, for the appellants (plaintiffs).

*Matthew D. Gordon*, for the appellee (defendant).

*Opinion*

FLYNN, J. The plaintiffs, Susan C. Forte and Frank J. Forte, appeal from the judgment of the trial court rendered following the granting of the motion for summary judgment filed by the defendant, Citicorp Mortgage, Inc. (Citicorp). On appeal, the plaintiffs claim that the court improperly granted Citicorp's motion because (1) a prior motion for summary judgment in a related action, which had been denied on the ground that a genuine issue of material fact existed, established the law of the case, (2) a subsequent motion for summary judgment in the present action, which had been granted on the ground that no genuine issue of material fact existed, did not establish the law of the case, and (3) the court's decision was contrary to the facts, the law and the law of the case. We affirm in part and reverse in part the judgment of the trial court.

The record reveals the following undisputed facts. On or about February 1, 1990, the plaintiffs submitted to Citicorp an application for a mortgage loan in connection with their purchase of a home that was being constructed at 42 Farmstead Lane in Trumbull. Citicorp issued to the plaintiffs a mortgage loan commitment, which stated that the loan was conditioned on the satisfactory completion of the construction and a reappraisal confirming that the property as completed at least equaled the original appraised value. The commitment also provided that Citicorp would order the reinspection once the closing was scheduled. The plaintiffs

signed the mortgage loan commitment and returned the signed copy to Citicorp.

On May 21, 1990, pursuant to General Statutes (Rev. to 1989) § 36-9h (b), now § 36a-755 (b),[1] Citicorp sent to the plaintiffs a copy of the appraisal that it used in evaluating their loan application. According to that appraisal, the property was valued at $585,000. The cover letter that accompanied the plaintiffs' copy of the appraisal stated that the appraisal was "used solely for the purpose of substantiating asset value in support of your application. Information, estimates, and opinions furnished to Citicorp and contained in the report, were obtained from sources considered reliable and believed to be true and correct. However, no responsibility for accuracy of such items furnished Citicorp can be assumed by Citicorp." The plaintiffs acknowledged receipt of that document by signing the document on the lines provided. Thereafter, the plaintiffs executed a promissory note in favor of Citicorp in the amount of $523,400, the amount of the loan, and Susan C. Forte gave to Citicorp a mortgage on the property as security for the note.

In their complaint, the plaintiffs alleged that shortly after moving into their new home, they discovered numerous defects in the construction. They also alleged that representatives of Citicorp had informed them that they could "automatically" refinance within the first year of the mortgage loan without incurring additional appraisal or inspection costs. The plaintiffs alleged that when they made a request to refinance, after interest rates dropped, Citicorp informed them that they would not qualify for refinancing unless they reduced the principal amount of their debt.

[1] General Statutes (Rev. to 1989) § 36-9h (b), now § 36a-755 (b), provides: "Any financial institution which directly or indirectly imposes a fee on any applicant for an appraisal on real property to secure a mortgage loan shall make available to such applicant at no charge a copy of the appraisal report."

In January, 1993, the plaintiffs filed an action against Citicorp. In count one of their revised complaint, the plaintiffs alleged that Citicorp had breached its duty of good faith and fair dealing by first telling them that they would be allowed to refinance on request, within the first year of the mortgage, and then by refusing to allow them to do so when interest rates began to decline. The plaintiffs also alleged that Citicorp had breached its duty of good faith and fair dealing by not disclosing a complete, accurate and fair appraisal of the property. In count two, the plaintiffs alleged that Citicorp had breached its contract with them by failing to provide them with an appraisal that disclosed patent defects in the construction of the home, which defects were known or, in the exercise of due care, should have been known to the appraiser and disclosed to the bank.

The plaintiffs ultimately defaulted on the note and in November, 1993, Citicorp initiated a foreclosure action against them. See *Citicorp Mortgage, Inc.* v. *Forte*, Superior Court, judicial district of Fairfield, Docket No. 309951. In response, the plaintiffs filed an answer and two counterclaims that are relevant to their appeal. The allegations of the counterclaims mirrored the allegations of the plaintiffs' two count complaint. Citicorp filed a motion for summary judgment on the plaintiffs' counterclaims in the foreclosure action. It claimed that there was no genuine issue of material fact in dispute and that it was entitled to judgment as a matter of law on the ground that it had no duty to provide the plaintiffs with an accurate appraisal of the property or to refinance their mortgage loan automatically on request. The court, *Rush, J.*, denied Citicorp's motion as to the plaintiffs' counterclaims on the ground that the plaintiffs had raised genuine issues of material fact as to whether the parties had an agreement to refinance and whether the reappraisal was to be used to "confirm" the

value of the property. The foreclosure action eventually was withdrawn.

Citicorp also filed a motion for summary judgment on the plaintiffs' two count complaint in this action. The court, *Levin, J.*, without oral argument, granted Citicorp's motion on the ground that there was no genuine issue of material fact in dispute and that Citicorp therefore was entitled to judgment as a matter of law. Thereafter, the plaintiffs filed a motion for reargument, for reconsideration and to set aside the summary judgment on their complaint. That motion was granted by the court, *Levin, J.*, on December 5, 1997. On May 17, 1999, Citicorp again filed a motion for summary judgment on the ground that there were no genuine issues of material fact in dispute and that it therefore was entitled to judgment as a matter of law. The plaintiffs objected to the motion and filed a memorandum of law in opposition. The court, *Skolnick, J.*, granted Citicorp's motion, and its judgment serves as the basis of this appeal.

I

The plaintiffs first claim that in light of the court's decision to deny summary judgment in the foreclosure action on the ground that there were genuine issues of fact in dispute, it was improper for the court to grant Citicorp's motion for summary judgment in the present case on the ground that there were no genuine issues of material fact in dispute. In other words, the plaintiffs argue that the denial of summary judgment in the foreclosure action should serve as the law of the case in the present action. We disagree.

We begin our analysis of the plaintiffs' claim with a review of the law of the case doctrine. That doctrine provides that "[w]here a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding *in the case may* treat that decision as the

law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Emphasis added.) *Breen* v. *Phelps*, 186 Conn. 86, 99, 439 A.2d 1066 (1982). "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . According to the generally accepted view, one judge *may*, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge *in the same case*, upon a question of law." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 98–99.

We conclude that the plaintiffs' reliance on the doctrine of the law of the case to support their contention that the court in the present case should have given conclusive effect to the denial of summary judgment in the foreclosure action is misplaced. Here, the court could not have treated the denial of summary judgment on the plaintiffs' counterclaims in the foreclosure action as the law of the case to be applied to Citicorp's motion for summary judgment on the plaintiffs' complaint. The law of the case doctrine applies only to subsequent proceedings *in the same case*. Citicorp's foreclosure action against the plaintiffs and the plaintiffs' action against Citicorp were not the same case but, rather, two separate and distinct cases. Accordingly, we conclude that even if the court were inclined to do so, it could not treat the court's decision in Citicorp's foreclosure action as the law of the case in the plaintiffs' present action against Citicorp.

II

The plaintiffs next claim that the court improperly applied the law of the case doctrine to Citicorp's May 17, 1999 motion for summary judgment by according

conclusive effect to the December, 1997 decision of the court, *Levin, J.*, granting Citicorp's motion for summary judgment, because that motion was granted without oral argument. We disagree.

Contrary to the plaintiffs' claim, the court did not treat as dispositive the December, 1997 decision of the court, *Levin, J.*, granting Citicorp's motion for summary judgment. Although the court mentioned in its memorandum of decision that a previous motion for summary judgment in the case had been granted, it also noted that the judgment on that motion subsequently was set aside. It did not give that decision any weight; instead, it considered Citicorp's May 17, 1999 motion for summary judgment on its own merits.

## III

In their final claim, the plaintiffs argue that there were genuine issues of material fact in dispute and, accordingly, that Citicorp was not entitled to summary judgment. We agree.

"Before addressing the merits of this dispute, we set forth the standard of review for summary judgment which is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *QSP, Inc.* v. *Aetna Casualty & Surety Co.*, 256 Conn. 343, 351, 773 A.2d 906 (2001). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Gillum* v. *Yale University*, 62 Conn. App. 775, 780–81, 773 A.2d 986, cert. denied, 256 Conn. 929, 776 A.2d 1146 (2001).

"Because the trial court rendered judgment for . . . [Citicorp] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Internal quotation marks omitted.) *Carlin Pozzi Architects, P.C.* v. *Bethel*, 62 Conn. App. 483, 487, 767 A.2d 1272 (2001).

As to count one of their revised complaint, the plaintiffs first claim that summary judgment was improper because Frank J. Forte's affidavit raised a genuine issue of material fact as to whether Citicorp breached its duty of good faith and fair dealing in refusing to allow them to refinance their mortgage at their request as it previously had agreed to do. Citicorp contends, on the basis of Frank J. Forte's deposition testimony, that there is no genuine issue of material fact as to the existence of a contract to refinance and, therefore, it owed the plaintiffs no duty to refinance their mortgage on request.

In support of their motion for summary judgment as to that claim, Citicorp filed the affidavit of Craig Page, an assistant foreclosure manager for Citicorp, in which he averred that his examination of the plaintiffs' file revealed no evidence that anyone at Citicorp ever represented to the plaintiffs that they would be automatically approved for refinancing. Page also averred that it was not Citicorp's practice to approve requests for refinancing automatically. Citicorp also filed portions of the transcript of Frank J. Forte's deposition in which he stated that while representatives of Citicorp told him and his wife that they would have the opportunity to refinance their mortgage, there was no agreement reached between the parties, the terms of which would

be that any request by the plaintiffs to refinance would automatically be approved by Citicorp, but that he merely assumed that he and his wife would be allowed to refinance upon request.

In opposition to Citicorp's motion for summary judgment, the plaintiffs offered the affidavit of Frank J. Forte, in which he averred that during the application process, he was told that a request for refinancing made within one year would not require any additional appraisals or other qualifications and that a new or modified mortgage agreement would be provided on request.

The court determined that the plaintiffs had failed to allege, as a predicate to maintaining a claim for breach of the duty of good faith and fair dealing, that a refinancing agreement existed between the parties and, therefore, Citicorp was entitled to judgment as a matter of law. We do not agree.

"It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship." *Hoskins* v. *Titan Value Equities Group, Inc.*, 252 Conn. 789, 793, 749 A.2d 1144 (2000). The existence of a contract between the parties is, therefore, a necessary predicate to a successful claim of breach of an implied covenant of good faith and fair dealing, and the failure to allege the existence of an agreement is fatal to such a claim. Id.

To determine whether the plaintiffs' complaint sufficiently alleged that there was a refinancing agreement between the parties, we look to the well settled law regarding pleadings. "[T]he interpretation of pleadings is always a question [of law] for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote

implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) *Emerick* v. *Kuhn*, 52 Conn. App. 724, 738–39, 737 A.2d 456, cert. denied, 249 Conn. 929, 738 A.2d 653, cert. denied sub nom. *Emerick* v. *United Technologies Corp.*, 528 U.S. 1005, 120 S. Ct. 500, 145 L. Ed. 2d 386 (1999).

In the present case, paragraph thirteen of count one of the plaintiffs' revised complaint states: "The plaintiffs were told that because their request was made within one year, no additional [appraisal,] inspection or similar closing costs would be incurred, and that either a new Mortgage or Modification Agreement would be provided." In construing the allegations of the pleading liberally, as we must, we conclude that the plaintiffs have alleged the existence of an agreement to refinance the property.

The court also determined that the plaintiffs failed to provide any evidence of a refinancing agreement. Again, we disagree.

"To defeat a motion for summary judgment, a non-movant must recite specific facts that contradict those stated in the movant's documents to show there exists a genuine issue of fact for trial." *Kroll* v. *Sebastian*, 58 Conn. App. 262, 267, 753 A.2d 384 (2000). In the present case, the parties have offered conflicting evidence as to whether there was a refinancing agreement. Citicorp offered the affidavit of Page, which stated that there was no agreement to refinance. In addition, it offered

the deposition testimony of Frank J. Forte, in which he seemed to state that there was no agreement reached. In direct contradiction to that evidence, however, the plaintiffs offered the affidavit of Frank J. Forte in which he stated that there was an agreement to refinance his mortgage loan if mortgage rates fell, as long as he requested refinancing within the first year. Accordingly, on the basis of the conflicting evidence that was presented, we conclude that the plaintiffs have offered evidence that raises a genuine issue of material fact as to whether there was a refinancing agreement between the parties, in which all of the terms of the refinanced mortgage would remain the same except for the then lower current interest rate and, therefore, that summary judgment as to that issue was improper.

We now turn to the plaintiffs' claims concerning the appraisal. The plaintiffs claim that summary judgment was not warranted because there is a genuine issue of material fact as to whether Citicorp breached its contract, as alleged in count two of the revised complaint, and the implied covenant of good faith and fair dealing contained therein, as alleged in count one, by failing to provide them with an accurate appraisal. Citicorp argues that the court properly rendered summary judgment in its favor because Citicorp was under no duty, contractual or otherwise, to supply the plaintiffs with an accurate appraisal. Citicorp further argues that in light of the language contained in the cover letter that accompanied the appraisal, which specifically disclaimed liability for the accuracy of the appraisal, and the language in the Department of Housing and Urban Development brochure about settlement costs, with which the plaintiffs were provided and which explained that the sole purpose of such an appraisal is to assist the lender, the plaintiffs cannot reasonably claim that they were entitled to rely on that appraisal. We agree.

The plaintiffs first argue that Citicorp breached its contract by failing to provide them with an accurate appraisal. They claim that because the mortgage loan commitment required Citicorp to perform an appraisal of the property, Citicorp was required to ensure that any appraisal that it provided was accurate and that Citicorp's failure to do so constituted a breach. We disagree.

The mortgage loan commitment merely states that the purpose of the appraisal was to confirm the asset value of the property, that Citicorp would order the reinspection and that the plaintiffs were entitled to a copy of the appraisal. It contains no language indicating that Citicorp was to provide the plaintiffs with an appraisal on which they were entitled to rely.

The facts presented in the present case are almost identical to those of *Dubinsky* v. *Citicorp Mortgage, Inc.*, 48 Conn. App. 52, 708 A.2d 226, cert. denied, 244 Conn. 926, 714 A.2d 9 (1998), and we conclude that our holding in *Dubinsky* is dispositive of the plaintiffs' breach of contract claim in the present case. In *Dubinsky*, this court held that absent contractual language to the contrary, a lender has no duty to perform an accurate appraisal of property for the benefit of a loan applicant. The applicant in *Dubinsky* claimed, as do the plaintiffs in the present action, that because the terms of the commitment required the lender to provide the applicant with an appraisal of the property, the lender was required to perform that appraisal in a skillful manner, and its failure to do so constituted a breach of contract. Id., 56. Moreover, in *Dubinsky*, the transmittal letter accompanying the appraisal contained language that is identical to the language contained in the cover letter that was received by the plaintiffs in this case. After examining that language, this court held that the language clearly indicated that the appraisal was intended solely for use by the lender in evaluating the

plaintiff's application and, furthermore, that it expressly disclaimed any liability for the accuracy of the information it contained and, therefore, the plaintiffs had no reason to rely on the accuracy of the appraisal. Id., 57–60.

The plaintiffs in this case have pointed to no reason why we should conclude otherwise. Accordingly, we conclude, on the basis of the contract language, that Citicorp had no duty to provide the plaintiffs with an accurate appraisal and, therefore, Citicorp was entitled to summary judgment as a matter of law on the plaintiffs' breach of contract claim.

The plaintiffs also claim that even if Citicorp had no contractual duty, it nonetheless had a duty to provide them with an accurate appraisal, which duty arose as a result of the close and substantial business relationship that Frank J. Forte had with Citicorp, and that its failure to provide them with an appraisal that they could rely on constituted a breach of that duty.

The plaintiff in *Dubinsky* also claimed that the lender's failure to supply him with an accurate appraisal constituted a breach of the implied covenant of good faith and fair dealing. In that case, the record failed to disclose any relationship between the lender and the applicant on which to predicate a duty to perform an accurate appraisal for the benefit of the plaintiff and, accordingly, we concluded that the court properly rendered summary judgment in favor of the lender as a matter of law.

The plaintiffs in this case seek to avoid the result in *Dubinsky* by alleging that Frank J. Forte had an established business relationship with Citicorp, which was of such a nature that it justified imposing on Citicorp a duty to provide the plaintiffs with an accurate appraisal of the property. We disagree.

"It is well settled that a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . Although this court has refrained from defining a fiduciary relationship in precise detail and in such a manner as to exclude new situations . . . we have recognized that not all business relationships implicate the duty of a fiduciary." (Citations omitted; internal quotation marks omitted.) *Hi-Ho Tower, Inc.* v. *Com-Tronics, Inc.*, 255 Conn. 20, 38, 761 A.2d 1268 (2000). A fiduciary duty exists where there is evidence of a "unique degree of trust and confidence between the parties such that the [defendant] undertook to act primarily for the benefit of the plaintiff." (Internal quotation marks omitted.) Id., 41.

In the present case, the cover letter that was sent to the plaintiffs along with their copy of the appraisal expressly stated that the sole purpose of the appraisal was to assist Citicorp in determining whether the property provided adequate security for the amount of the plaintiffs' loan and that Citicorp would not be responsible for the accuracy of the appraisal. In light of that unequivocal language, the plaintiffs can hardly argue that Citicorp undertook to act primarily for their benefit or that it knew or should have known, on the basis of a prior business relationship between the parties, that the plaintiffs would rely on the appraisal in determining whether they should purchase that property.

Furthermore, "[t]he law will imply [fiduciary responsibilities] only where one party to a relationship is unable to fully protect its interests [or where one party has a high degree of control over the property or subject matter of another] and the unprotected party has placed its trust and confidence in the other. . . . The fact that one business person trusts another and relies on [the

person] to perform [his obligations] does not rise to the level of a confidential relationship for purposes of establishing a fiduciary duty." (Internal quotation marks omitted.) Id.

Here, the record does not disclose that the plaintiffs were unable to protect their interests or were required to rely on the appraisal provided by Citicorp. On the contrary, the plaintiffs could have protected their interests by having an appraisal prepared for their benefit. They did not do so. Instead, they chose to rely on the appraisal that was supplied by the lender. They cannot now seek to hold Citicorp responsible for their misplaced reliance. Additionally, the fact that the plaintiffs trusted Citicorp to provide them with an accurate appraisal does not warrant imposing a duty on Citicorp to act for their benefit without providing some basis for doing so.

We conclude that summary judgment rendered in favor of Citicorp as to its claims regarding a duty to provide an accurate appraisal to the plaintiffs was proper as a matter of law.

The judgment is reversed as to count one of the plaintiffs' revised complaint and affirmed as to count two of that complaint and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.