[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANT JOSEPH GLUSE
Defendant Robert Gluse has moved for summary judgment in the above-captioned case on the ground that the plaintiffs have disclosed no expert witness who will support their claim that he departed from the standard of care applicable to architects in designing the facility at which the plaintiff's decedent was injured.
Having set the trial date, this court issued a case management order requiring the plaintiffs to disclose their expert witnesses by March 1, 2001. The plaintiffs disclosed Leslie N. Wilder in a pleading dated February 26, 2001. At his deposition, Mr. Wilder testified that he was not an architect, that he did not review the architect's role with respect to the facility, and that he had no opinion whether the architect breached the standard of care with respect to his work on the project.
The plaintiffs have not opposed the motion for summary judgment and have filed no materials in opposition. They have not filed a request for an extension of time to respond to the motion, nor have they sought an extension of time to disclose expert witnesses.
Standard of review
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49 (formerly § 384)." Alvarez v. New Haven Register, Inc., 249 Conn. 709, 714 (1999), quoting Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 481 (1997); andNichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 163 (1998); seeRivera v. Double A Transportation, Inc., 248 Conn. 21, 24 (1999);Sherwood v. Danbury Hospital 252 Conn. 193, 201 (2000).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351,773 A.2d 906 (2001); Rivera v. Double A Transportation, Inc., supra,248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St.Vincent's Medical Center, 252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same CT Page 14889 facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
Merits of the motion
Except where an act or omission so clearly departs from the standard of care that no expert testimony is needed, a party claiming professional malpractice must present expert testimony to prove lack of compliance with the standard of care. Doe v. Yale University, 252 Conn. 641, 687
(2000); Shelnitz v. Greenberg, 207 Conn. 125, 131 (1988); Puro v. Henry,188 Conn. 301, 305 (1982); see also Matyas v. Minck, 37 Conn. App. 321,326-27 (1995). The plaintiffs make no claim that expert testimony is unnecessary to establish negligence by defendant Gluse, who is identified in the complaint as the architect for the facility at issue.
Without expert testimony, the plaintiffs cannot present a prima facie case, and a directed verdict would necessarily be granted in favor of defendant Gluse.
The court is mindful of dicta in Gould v. Mellick Sexton,66 Conn. App. 542, 555 (2001) to the effect that summary judgment is "an inappropriate way to conclude complex litigation. " The Appellate Court noted, however, that summary judgment has "utility in avoiding the expense of litigation in cases where the factual issues are relatively simple." Id. Surely, no purpose would be served in requiring defendant Gluse to participate in what may be a lengthy trial involving claims against other parties, only to raise at the conclusion of the plaintiffs' evidence the claim that he makes on the same relevant record now.
The issue whether the plaintiff can, under the terms of a case management order, present expert testimony required to establish liability is a simple matter, and it is ripe for adjudication on motion.
Conclusion
CT Page 14890
Defendant Gluse's motion for summary judgment is granted.
Beverly J. Hodgson Judge of the Superior Court