[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS US BENEFITS, NC, US BENEFITS INSURANCE SERVICES, INC. AND HCC INSURANCE HOLDINGS, INC.
In this civil action, the plaintiff, Simkins Industries, Inc. ("Simkins"), alleges that several defendants agreed to furnish stop-loss insurance covering individual health care claims of Simkins' employees if such claims exceeded $100,000. Simkins alleges that such a claim occurred in 1999 and that the defendants failed to pay it.
Simkins alleges that payment is due from Continental Insurance Company, US Benefits Inc, US Benefits Insurance Services, Inc. and HCC Insurance Holdings, Inc., which it alleges is a successor corporation to US Benefits, Inc, and from US Benefits Insurance Services, Inc.
The movants assert that the insurance obtained by Simkins was provided only by Continental Insurance Company, and that the movants issued no policy to Simkins and had no obligation to pay Simkins' claim. Simkins has attached to its brief in opposition a contract signed by US Benefits, Inc. on March 16, 1999. In that agreement, US Benefits, Inc. is identified as the "Stop Loss Carrier." The movants allege that this designation means only that US Benefits was administering the policy for Continental Insurance Company.
A quote sheet presented by Simkins identifies a quotation for group excess reimbursement coverage as having been made to Simkins, via the broker from which it obtained its coverages, by USBenefits Insurance Services, Inc. "underwritten for The Continental Insurance Company, New York, NY."
Standard of Review for Summary Judgment
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." QSP, Inc. v. Aetna Casualty Surety Co., CT Page 9328256 Conn. 343, 351 (2001); Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714 (1999); Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156, 163 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481 (1997); and Practice Book § 17-49; see Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied the verdict as directed. United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380 (1969); Vuono v. Eldred, 155 Conn. 704,705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
Have the movants satisfied the standard for summary judgment?
The submissions of the parties demonstrate that there is a genuine issue concerning the facts material to determining which defendant or defendants contracted to provide coverage to the plaintiff. While the text of the policy produced suggests that Continental is the insurer, the quote was issued identifying one of the movants as the underwriter, and US Benefits, Inc. identified itself as the stop loss carrier in a contract with Simkins at a relevant time period.
The movants urge the court to find that the contract itself, not CT Page 9329 ancillary documents, determine which entity issued the coverage. Pursuant to the standard set forth above, however, the task of the court in deciding a motion for summary judgment is not to decide the disputed issue of fact by weighing the competing sets of evidence, but rather to determine whether the facts are in dispute. In this instance, there is unmistakably a genuine dispute as to facts that are material to the facts necessary to determining whether the movants are liable to the plaintiff on the claims alleged.
Conclusion
Because genuine disputes exist as to material factual issues, the motion is denied.
 ___________________ Beverly J. Hodgson Date Judge of the Superior Court