[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT AS TO FOURTH COUNT OF COUNTERCLAIM
Julius Rytman, Dora Rytman, Colchester Egg Farms, Inc., Julius Rytman Proprietorship, Dora Rytman Proprietorship, Pinecrest Duck Farm Trust and Agri-Finance, Inc. ("the Rytmans") have a filed a motion seeking summary judgment as to the fourth count of the counterclaim filed against them by Colchester Foods, Inc., Samuel Kofkoff, Robert Kofkoff, Joseph H. Fortin, Colchester Egg Farms Ltd. Partnership and Fitchville Realty, Inc. ("the Kofkoffs").
In that counterclaim, which was filed on November 13, 2001, the Kofkoffs assert that on May 3, 1986, Julius Rytman and Dora Rytman executed a demand promissory note in the amount of $116,000, that the Kofkoffs demanded payment on or about February 20, 1987, and that the note has not been paid.
The Rytmans assert that this claim is barred by the applicable statute of limitation, Conn. Gen. Stat. § 42a-3-118 (b), which provides that an action to enforce the obligation of a party to pay a note must be commenced within six years after the demand.
The Kofkoffs assert that by mentioning a note in the amount of $116,000 in 2002 at a deposition and in a brief concerning another defendant, the Rytmans have acknowledged the debt.
Standard of Review
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." QSP, Inc. v. Aetna Casualty Surety Co.,256 Conn. 343, 351 (2001); Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714 (1999); Nichols v. Lighthouse Restaurant, Inc., CT Page 9035246 Conn. 156, 163 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481 (1997); and Practice Book § 17-49; see Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201;Serrano v. Burns, 248 Conn. 419, 424 (1999); Connell v. Connell,214 Conn. 242, 246-47 (1990); Forte v. Citicorp Mortgage, Inc.,66 Conn. App. 475 (2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co.v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v.Eldred, 155 Conn. 704, 705 (1967).
Do the undisputed facts constitute an acknowledgment?
There are no material facts in dispute concerning the issue before the court. The Kofkoffs do not contest the date of the note on which they seek recovery, the date of the demand, nor the date they brought suit. The Rytmans do not contest that they filed the brief that contains the statements that the Kofkoffs seek to characterize as an acknowledgment that the debt remained due, nor do they contest the words uttered by Dora Rytman at her deposition on March 20, 1991.
The only issue is whether, as a matter of law, the statements in the brief and at the deposition constitute an unequivocal acknowledgment that CT Page 9036 the debt alleged by the Kofkoffs was owed.
The statute of limitation is a defense to an action on a debt; it does not erase the debt; therefore, the defense may be lost by an unequivocal acknowledgment of the debt, such as a new promise, an unqualified recognition of the debt, or a payment on account. Zapolsky v. Sacks,191 Conn. 194, 198 (1983).
In their brief concerning their claims of conflict of interest and other malpractice against lawyers involved in transactions between the themselves and the Kofkoffs, the Rytmans stated that "[y]et, knowing that no basis existed for the Kofkoff Defendants to demand a promissory note from the Rytmans, [defendant] Jacobson pushed the Rytmans to sign a $116,000 on-demand promissory note (the `$116,000 Note') with a security interest in the Kick Hill chickens. . . . Relying on their attorney and trusted friend of over thirty years, the Rytmans executed the $116,000 Note." (June 17, 2002 Brief in Opposition to Motion for Partial Summary Judgment, p. 11.)
In the deposition transcript attached to the Kofkoffs' brief, Dora Rytman mentioned a "mortgage for one hundred sixteen thousand dollars." The deposition testimony does not identify the date of that transaction, nor does any part of the transcript supplied indicate that the transaction mentioned was the same one as the note that is the subject of the counterclaim, nor that the obligation remained due and owing.
At most, the statements on which the Kofkoffs rely indicate that the Rytmans signed a note in the amount of $116,000. They do not acknowledge the existence of any debt to which the note applied, and, indeed, the statement in the brief is to the effect that there was no justification in the transaction for any note to be signed. On these facts, a directed verdict would be warranted on the Kofkoffs claim of an "unequivocal acknowledgment" of the alleged debt at issue, as, pursuant to the standard cited above, a jury could not reasonably conclude that the references in the June brief and at the deposition constitute an "unequivocal acknowledgment" by the Rytmans of the indebtedness alleged by the Kofkoffs.
Since the Kofkoffs failed to bring suit on the alleged debt within six years of the demand, the statute of limitation bars the claim.
Conclusion
The Rytmans' motion for partial summary judgment as to the fourth count of the Kofkoffs' counterclaim is granted. CT Page 9037
 Beverly J. Hodgson Date Judge of the Superior Court