[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendants have moved for summary judgment in the above-captioned action, in which a recent purchaser of land in a lakeside community seeks a declaratory judgment to the effect that limitations on land use adopted by the defendant, The Beaver Dam Association of Stratford, Inc. ("Association"), do not apply to him or the land he purchased, injunctive relief, and money damages for alleged slander of title. The plaintiff has named as defenaants individuals who are members of the Association.
The defendants assert in their motion that they are entitled to judgment on the plaintiffs claims because the deed and chain of title documents establish the applicability of Association rules to the plaintiffs use of his property. They also assert that as a matter of law, the rules of the Association are reasonable and therefore enforceable.
The plaintiff opposes the motion on the grounds that the defendants have failed to demonstrate the absence of a genuine issue of material fact and that the defendants' legal conclusions are erroneous.
Counsel could find no date on which they were both available to argue the motion, and they waived oral argument.
Standard of Review for Summary Judgment
Summary judgment "shall be rendered forthwith if the pleadings, CT Page 10451 affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." QSP, Inc. v. Aetna Casualty Surety Co.,256 Conn. 343, 351 (2001); Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714 (1999); Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156, 163 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481 (1997); and Practice Book § 17-49; see Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
The reasonableness of the regulations at issue has not been demonstrated
The defendants have endeavored to establish, by way of the exhibits attached to their motion, that the by-laws of the Association are in the plaintiffs chain of title and constitute a valid restriction on his use of the property. They have submitted nothing to establish that the by-laws at issue are within the Association's authority, germane to the Association's purposes, reasonable, and equally enforced against all CT Page 10452 members. Such determinations are necessary and the court cannot decide the merits of the issues raised in the absence of sufficient facts concerning these issues. Conn. Gen. Stat. § 33-1056 (a); DeBernardov. Pinewood Lake Assn., Inc., Docket No. X01-CV 98 0149841S (Complex Litigation Docket at Waterbury, Mar. 6, 2000).
Conclusion
The submissions of the defendants are insufficient to establish the facts relevant to the claims upon which the movants seek summary judgment, and for that reasons summary judgment is denied.
 Beverly J. Hodgson Judge of the Superior Court