[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RYTMANS' MOTION
CT Page 10731 FOR PARTIAL SUMMARY JUDGMENT AGAINST THIRD PARTY DEFENDANTS JACOBSON, GORDON, AND BROWN, JACOBSON, JEWETT LAUDONE
Julius Rytman, Dora Rytman, and the other third party plaintiffs who have been referred to in this litigation collectively as "the Rytmans" have moved for summary judgment on the seventeenth count of their Second Revised Third Party Complaint. In that count, the Rytmans allege that defendants Milton Jacobson, Glenn Gordon and the law firm of Brown, Jacobson, Jewett Laudone ("lawyer defendants") represented them "at the time" that various business transactions took place between the Rytmans and other third party defendants referred to in this litigation as the "Kofkoff entities."
The Rytmans allege that the lawyer defendants owed them a fiduciary duty with regard to themselves personally and with regard to their businesses and that they breached this alleged duty in twenty-three respects, including the following: representing the Kofkoff entities at a time when the interests of the Rytmans were in conflict with the interests of the Kofkoff entities; failing to take legal action against the Kofkoff entities to protect the Rytmans' interests; coercing the Rytmans into signing an October 1987 agreement with the Kofkoff entities; failing to advise the Rytmans of a conflict of interest in representing them and the Kofkoff entities at the same time in the same transaction; failing to provide the Rytmans with informationl; and advising the Rytmans not to pursue legal claims against the Kofkoff entities at time when the lawyer defendants represented the Kofkoff entities as well as the Rytmans.
In opposition to the motion, the lawyer defendants assert that there are genuine issues of material fact in dispute, and they state that the disputed nature of the facts is demonstrated by the contradiction by defendants Jacobson and Gordon of the facts alleged in the Rytmans' submissions in support of their motion. They further allege that motions for summary judgment should not be granted in complex cases. On the day before the date set for oral argument, the Rytmans fax-filed a motion titled "Objection to Affidavits of Milton Jacobson and Glenn Gordon." At oral argument, the Rytmans asserted that these affidavits are insufficient to counter their own allegations because the Jacobson and Gould affidavits for the most part constitute denials that they did the things that the Rytmans allege that they did.
Standard of Review for Summary Judgment
Summary judgment "shall be rendered forthwith if the pleadings, CT Page 10732 affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." QSP, Inc. v. Aetna Casualty Surety Co.,256 Conn. 343, 351 (2001); Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714 (1999); Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156, 163 (1998); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,481 (1997); and Practice Book § 17-49; see Sherwood v. DanburyHospital, 252 Conn. 193, 201 (2000); Rivera v. Double A Transportation,Inc., 248 Conn. 21, 24 (1999).
The party moving for summary judgment bears the burden of proving the absence of a genuine dispute as to any material fact; and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Rivera v.Double A Transportation, Inc., supra, 248 Conn. 24. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Witt v. St. Vincent's Medical Center,252 Conn. 363, 373 n. 7 (2000).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts. Sherwood v. Danbury Hospital, supra, 252 Conn. 201; Serrano v.Burns, 248 Conn. 419, 424 (1999); Connell v. Colwell, 214 Conn. 242,246-47 (1990); Forte v. Citicorp Mortgage, Inc., 66 Conn. App. 475
(2001). In Connecticut, a directed verdict may be rendered only if, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 380 (1969); Vuono v. Eldred,155 Conn. 704, 705 (1967).
In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1998); Telescov. Telesco, 187 Conn. 715, 718 (1982).
In Gould v. Mellick Sexton, 66 Conn. App. 542, 555, cert. granted,259 Conn. 902 (2001), the Appellate Court observed in dicta that resolution of claims by summary judgment is generally an "inappropriate way to conclude complex litigation;" however it noted that summary judgment has "utility in avoiding the expense of litigation in cases where the factual issues are relatively simple." Id. The Supreme Court has granted a motion for certification in that case on the issue of the availability of summary judgment in complex cases. Gould v. Mellick CT Page 10733Sexton, supra, 259 Conn. 902 (2001).
Since the Practice Book sections that provide for summary judgment on their face apply to all kinds of civil cases without exception and to all civil dockets, the Gould ruling must be understood as a prediction that a party is unlikely to be able to satisfy the requirements of Practice Book §§ 17-44 through 49, but not a bar to moving for summary judgment in a case that may be characterized as complex.
In fact, a careful scrutiny of the whole text of the decision in Gouldv. Mellick Sexton, supra, 66 Conn. App. 542, reveals that the actual basis for the Appellate Court's reversal of the granting of summary judgment was not the general unavailability of that procedure in complex cases, but rather that, in the opinion of the Appellate Court on plenary review, the defendants had not met the requirement of demonstrating the absence of a genuine dispute as to material facts. Just before its general observations about the limits of the use of summary judgment, the Appellate Court stated the ratio decidendi of its ruling: "[i]n the present case, the trial court was presented with cross motions for summary judgment; however, the facts were disputed. Therein lies the procedural glitch." Gould v. Mellick Sexton, supra, 66 Conn. App. 552.
Are there genuine issues of material fact?
The premise of the Rytmans' claim is that if the lawyer defendants represented them in some transactions at any time, they had a duty to act on the Rytmans' behalf generally, whether they were retained as counsel for a particular purpose or not.
In their affidavits, defendants Jacobson and Gordon deny that the specific incidents and/or conduct alleged by the movants occurred. In particular, defendant Jacobson states in his affidavit, inter alia, that "I was never retained by the Rytmans nor any of their business entities, nor did I agree to pursue legal actions on behalf of the Rytmans against the Kofkoffs or actions arising out of the egg commission contract." This averment creates a genuine issue of material fact concerning the scope of this defendant's duty to bring actions or provide legal services in connection with the occurrences alleged by the movants, who have simply alleged that they expected the lawyer defendants to attend to various legal matters that might have been of aid to them, without indicating that they retained the lawyer defendants to perform such services.
Defendant Gordon has stated in his affidavit that the Rytmans waived the conflicts of interest that they allege in their seventeenth count, and he denies bullying or coercing Julius Rytman to sign documents, as Rytman alleges in his affidavit. CT Page 10734
As has been mentioned above, the Rytmans take the position that the affidavits of Attorneys Jacobson and Gould are insufficient to counter their own affidavits or to constitute a showing of a genuine dispute as to material facts because the defendant lawyers for the most part simply deny the Rytmans' version of the facts. The movants cite Gupta v. NewBritain General Hospital, 239 Conn. 574, 582-83 (1996), and characterize the situation in that case in an expansive manner as precluding statements that state a conclusion. In that case, the defendant moved for summary judgment on the ground that the plaintiff had no contract of employment with it. The plaintiff asserted in an affidavit that he had such a contract but did not identify the documents that he claimed constituted a contract. Id. The Supreme Court found that he had failed to present an evidentiary basis for his claim that the material facts were in dispute, as a mere claim that a contract existed did not constitute an evidentiary showing of the existence of a contract. The Supreme Court did not rule that a party could not counter a claim that an event had occurred by stating that it had not, though a denial of a fact has a quality that could be termed conclusory. The statement from a witness that he did not do a particular thing is evidentiary, and this court finds that a party who contradicts a statement that an event occurred by saying that it did not can be held to a requirement to state more.
The Rytmans note that as fiduciaries, the lawyer defendants bear a shifted burden of proving conduct in compliance with fiduciary responsibilities by clear and convincing evidence because the Rytmans have alleged a conflict of interest. Murphy v. Wakelee, 247 Conn. 396,397, 400 (1998). The recitation of this standard does not allow the court to conclude, as the Rytmans assert, that the lawyer defendants' factual denials do not raise genuine issues of material fact, and the court does not, in the context of summary judgment, decide the weight of the facts or resolve factual disputes. Nolan v. Borkowski, supra, 206 Conn. 495.
The court finds that the affiants have stated diametrically opposing versions of facts material to the claim made in the seventeenth count of the complaint, and that these factual disputes cannot be resolved upon by summary judgment.
Conclusion
For the foregoing reasons, the Rytmans' motion for summary judgment on the seventeenth count of their cross claim against the lawyer defendants is denied.
_____________________________ Beverly J. Hodgson Date Judge of the Superior Court CT Page 10735