[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION FOR SUMMARY JUDGMENT)
The cross-claim defendant, D.A.'s Home Improvement and Landscaping, Inc. (hereinafter "D.A.'s"), has filed a motion for summary judgment on the cross-claim dated March 20, 2001, which has been filed by the defendant Pacesetter Construction Company (hereinafter "Pacesetter"). Pacesetter's cross-claim against D.A.'s alleges that D.A.'s was obligated to indemnify Pacesetter based upon active/passive negligence. D.A.'s argues that Pacesetter's indemnity claims are barred by the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284.[1]
The plaintiff, Dotson, filed a personal injury action alleging that he sustained injuries when he fell off of a roof while installing a new roof within the course of his employment with D.A.'s Home Improvement at a construction site in Branford, Connecticut. The plaintiff originally filed this action against his employer and subcontractor, D.A.'s, Pacesetter Construction Corporation, and the property owners of the site, Offredi and Associated Chemical and Abrasives, Inc. Pacesetter then filed a cross-claim against D.A.'s, the plaintiffs employer, alleging that D.A.'s was obligated to indemnify Pacesetter based upon active/passive negligence.
On April 5, 2001, D.A.'s filed a motion to strike Pacesetter's cross-claim on the ground that the indemnity claims were barred by the exclusive remedy provision of the Workers' Compensation Act. D.A.'s claimed that Pacesetter failed to demonstrate that an independent duty existed that would create an exception to the exclusive remedy rule. Pacesetter opposed D.A.'s' motion to strike arguing that its cross-claim properly alleged an independent legal relationship between the parties giving rise to Pacesetter's claim for indemnification. On July 5, 2001 the court acting by Munro, J., denied D.A.'s motion to strike. The court in denying the motion to strike wrote, "A separate contractual relationship has been alleged. Under case law, Ferryman[2] and its CT Page 14172 progeny, a duty of care may be inferred. Whether it is proven is a question for the jury."
Subsequent to its motion to strike being denied, D.A.'s filed the present motion for summary judgment which is dated November 28, 2001. Once again the cross-claim defendant, D.A.'s argues that the cross-claim plaintiff Pacesetter is barred by the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284. Additionally, D.A.'s argues that the claim for indemnification is barred by General Statutes § 52-572k, as amended by Public Act 01-155.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." HertzCorp. v. Federal Ins., Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,639 A.2d 507 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990).
The court first addresses D.A.'s argument that Pacesetter's indemnity claims are barred by the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284. The court, acting byMunro, J., reviewed this argument in denying D.A.'s' motion to strike. The law of the case doctrine provides that "where a matter has previously been ruled upon . . ., the court in a subsequent proceeding in the case may treat the decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overruling circumstance." (Emphasis added.) Forte v. Citicorp Mortgage,66 Conn. App. 475, 784 A.2d 1024 (2001), quoting Breen v. Phelps,186 Conn. 86, 99, 439 A.2d 1066 (1982). "The law of the case is not written in stone. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided. . . . Webster v.Zak, 71 Conn. App. 550, 560, 802 A.2d 916 (2002). "New pleadings intended CT Page 14173 to raise again a question of law which has already been presented on the record and determined adversely to the pleader are not to be favored. . .". Id. at 560. The law of the case doctrine applies only to subsequent pleadings in the same case. Forte v. CiticorpMortgage, supra, 66 Conn. App. 481.
This court has reviewed the decision of the court (Munro, J.) regarding the motion to strike and finds that it was correctly decided. This court will not disturb that decision.
The court next reviews D.A.'s' claim that Pacesetter is barred from pursuing indemnification from D.A.'s pursuant to General Statutes §52-572k,[3] as amended by Public Act 01-155.
"General Statutes § 52-572k, as amended, provides that hold harmless clauses are against public policy in certain construction contracts. Section 52-572k bars an indemnification agreement if these requirements are met: (1) the agreement must be entered in connection with or collateral to a construction contract; (2) the agreement must indemnify the promise for damages arising out of bodily injury to persons or damage to property; and (3) the damages must be caused by or result from the sole negligence of the promisee." Courter v. Becker, Superior Court, judicial district of New London at New London, Docket No. CV 960537716 (April 27, 1998) (Handy, J.)
For an indemnification to be held valid, "[T]he indemnification agreement between the employer and the indemnitees must explicitly state that the employer agrees to indemnify the non-employer for the employer's negligence." Fiorello v. Universal Builders Supply, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 376404 (December 8, 1997) (Zoarski, J.)
The court agrees with Pacesetter's argument that § 52-572k does not bar the indemnification agreement in this case, for purposes of summary judgment. D.A.'s has failed to meet the third requirement of § 52-572k
that "the damages must be caused by or result from the sole negligence of the promisee." Pacesetter's indemnity agreement with D.A.'s does not seek indemnification for the negligence of the promisee, Pacesetter. Nor, as argued by Pacesetter, does the oral agreement between the employer and the indemnitee upon which Pacesetter relies, explicitly state that the employer agrees to indemnify the non-employer for the employer's negligence. There are genuine issues of material fact that exist regarding the terms of the oral indemnity agreement.
Accordingly, the motion for summary judgment filed by D.A.'s Home CT Page 14174 Improvement regarding Pacesetter's cross-claim is hereby denied.
The Court
 by ___________________ Arnold, J.